**In re DIXIE FARMS MARKET, Debtor**

**Carolyn Dye, Chapter 7 Trustee, Plaintiff–Appellee,**

v.

**James L. Patison, Defendant–Appellant.**

**Nos. 01–55602, 01–55780.**

**D.C. No. CV–01–96–AHS, BK No. LA 91–63573–KM.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001 *.

Decided May 23, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

### MEMORANDUM**

Appellant James L. Patison appeals the district court's April 2, 2001 order for his arrest and detention (appeal no. 01–55602) and the district court's April 2, 2001 order affirming the bankruptcy court's order of civil contempt (appeal no. 01–55780).[1] Patison was held in contempt for refusing to appear and testify at a judgment debtor examination pursuant to the bankruptcy court's orders.[2] We reverse.

■ This court reviews a civil contempt order for abuse of discretion. *See FTC v. Affordable Media,* 179 F.3d 1228, 1239 (9th Cir.1999). A witness in a proceeding before or ancillary to any court of the United States who refuses without just cause to comply with an order of court to testify or provide other information may be held in civil contempt. *See* 28 U.S.C. § 1826.

■ Appellant contends that his refusal to attend a judgment debtor examination was justified because the order providing notice of the examination pursuant to California Code of Civil Procedure § 708.110(d) was not personally delivered to him. This contention has merit.

■ A judgment in bankruptcy court is enforced by reference to Federal Rule of Civil Procedure 69. *See* Fed. R. Bankr.P. 7069. Rule 69(a) provides that proceedings "supplementary to and in aid of a judgment ... shall be in accordance with the practice and procedure of the state in which the district court is held ...." The California Enforcement of Judgments Act specifically provides that notice of a judgment debtor examination shall be by personal service pursuant to California Code of Civil Procedure § 415.10, the statute applicable to personal service of a summons and complaint. *See* Cal.Code Civ. Proc. § 708.110. Where a California requirement for service specifically governs the procedure for the enforcement of money judgments, the California law providing for the manner of service is applicable and is not preempted by federal procedural law. *See Hilao v. Estate of Marcos,* 95 F.3d 848, 852 (9th Cir.1996).

In this case, the bankruptcy court's order affirmed by the district court provided for personal service pursuant to California Code of Civil Procedure § 708.110, or alternatively, service by mail. This order was in error to the extent that it allowed mail service because section 708.110 specifically provides that service of the notice shall be by personal delivery. *See Hilao,* 95 F.3d at 852.

Because the district court's order affirming the bankruptcy court's contempt order and the district court's order for body detention and arrest of appellant were based on invalid service of notice of debtor examination, appellant was justified in refusing to attend and testify at his judgment debtor examination. *See* 28 U.S.C. § 1826. Thus, we find that the district

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The court sua sponte consolidates appeal no. 01–55602 and appeal no. 01–55780.

2. The district court stayed the enforcement of its order for body detention and arrest and Patison subsequently withdrew his motion for a stay in this court.

court abused its discretion in holding appellant in contempt.

REVERSED.